# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2142 | **DATE** | 7/25/2008 |
| **CASE TITLE** | Shaun Matheny (R-12775) v. Michael F. O'Leary | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [12] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $ 2.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Western Correctional Center. The Clerk shall issue summons as to the amended complaint [9] and attach a Magistrate Judge Consent Form to the summons for Defendant, and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motions for appointment of counsel [5, 13] and motion for a court order for plaintiff's place of incarceration to allow him access to civil law library [7] are denied.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Shaun Matheny is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 2.00. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

    The United States Marshals Service is appointed to serve defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Will County Adult Detention Facility shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    The Court denies Plaintiff's motions for appointment of counsel without prejudice for failure to make a showing that he "has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).

    The Court denies Plaintiff's motion for a court order for Plaintiff's place of incarceration to allow him access to civil law library as moot because Plaintiff has been transferred from the Will County Adult Detention Facility, which is where he was detained when he made this motion.